IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, | |
| Plaintiff, | No. 2:12-cv-3095 AC P |
| vs. | |
| MATTHEW CATE, | <u>ORDER</u> and |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). For the reasons set forth below, the undersigned recommends that this action be summarily dismissed without leave to amend, and, accordingly, no filing fee will be assessed at this time. Plaintiff's motion to proceed in forma pauperis will accordingly be denied as moot.

////

////

1

*The Complaint*

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Leave to Amend

A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995), citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). However, this liberality in granting leave to amend is subject to qualification:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

Futile amendments should not be permitted. See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987), quoting Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). For example, leave to amend would be futile, and leave to amend properly denied, where a plaintiff's alleged facts, even if true, provide no basis for federal subject matter jurisdiction. See Orsay v. U.S. Dept. of Justice, 289 F.3d 1125, 1136 (9th Cir. 2002); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Cato v. U.S., 70 F.3d at 1110. See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) ("[28 U.S.C.] § 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addressed only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.")

3

Summary of the Complaint

Plaintiff is a state prisoner sentenced in 1992 to life without the possibility of parole. See Doc. No. 1 at 12. The minutes of plaintiff's sentencing reflect that he was assessed a restitution fine of $700, and that he was given credit for 2562 days in custody, including 854 good time/work time days. Id. at 13.

In count one, plaintiff alleges that his fine is excessive punishment, in light of his life sentence, and that the California Department of Corrections and Rehabilitation's ("CDCR") collection of the fine represents collection of an unlawful debt in violation of 18 U.S.C. § 1962. See Doc. No. 1 at 4. Plaintiff also appears to argue that, as of May 31, 2000, he did not owe any restitution, because a departmental review board report written that day identifies plaintiff's restitution status as "not applicable." See Doc. No. 1 at 9, 14.

In count two, plaintiff alleges that the CDCR has refused to pay him $30.00 per day for each of his credit days, as the CDCR is required to do under either California Penal Code § 2900.5(c) or § 290.5(c). See Doc. No. 1 at 5, 6.

As relief, plaintiff seeks money damages, and requests a transfer from CDCR custody to the custody of the Federal Bureau of Prisons. See Doc. No. 1 at 7.

Applicable Law

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See, e.g., Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required

4

to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### Habeas Corpus and Civil Rights

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Muhammad v. Close, 540 U.S. at 750. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51.

In Heck v. Humphrey, 512 U.S. 477(1994), the United States Supreme Court held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Muhammad v. Close, 540 U.S. at 751. Accordingly, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck in the circumstances of a §1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. See Muhammad v. Close, 540 U.S. at 751. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Id.

5

Federal Questions

Federal courts are courts of limited jurisdiction.  E.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  They possess only that power authorized by Constitution and statute.  Id.  For example, parties may litigate in this court cases involving a federal question, such as a civil complaint alleging deprivation of federal constitutional rights by a person acting under color of law (42 U.S.C. § 1983), or a habeas corpus petition alleging custody, pursuant to a state court judgement, in violation of the federal constitution (28 U.S.C. § 2254).  See also Estelle v. McGuire, 502 U.S. 62, 71-72, 75 (1991) (error under state law is not a basis for federal habeas relief unless error "so infused trial with unfairness as to deny due process of law"); Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010) (federal courts lack jurisdiction to adjudicate a challenge to a restitution order by a custodial state prisoner who does not challenge the lawfulness of his custody under federal law); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.1997), *quoting* Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir.1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." ).

*Analysis*

Count One

In count one, plaintiff challenges the CDCR's collection of his restitution fine.  The claim is not colorable, and should be dismissed without leave to amend, as any amendment would be futile.

This challenge is barred by Heck, as any successful challenge to the CDCR's actions would implicitly question the validity of plaintiff's state court sentence.  The record currently reflects that plaintiff's sentence included a restitution fine, which the CDCR is charged with collecting under state law.  See Cal. Penal Code § 2085.5.  Plaintiff's argument that the debt is unlawful necessarily contests the underlying imposition of the fine as part of his 1992

6

sentence. Cf. Abney v. Alameida, 334 F.Supp.2d 1221, 1233 (S.D.Cal. 2004) (plaintiff's challenge to "manner in which Defendant is satisfying the restitution order imposed as a result of criminal conviction" would not necessarily invalidate any portion of conviction or sentence).

Even if the court were to construe the complaint as a petition for relief under 28 U.S.C. § 2254, the court would lack jurisdiction to consider a challenge to the fine, as petitioner has raised no challenge to his custody.[1] See Bailey v. Hill, 599 F.3d at 984.

Count Two

In count two, plaintiff alleges that defendant failed to compensate him for accrued credit days, in violation of state law. This claim is also not colorable, and should also be dismissed without leave to amend, as it is frivolous and any attempt to amend would be futile.

Count two is also barred by Heck, as it represents a challenge to the calculation of plaintiff's sentence. California state law governs the application of credit days, which become a part of a defendant's sentence. See, e.g., Cal. Penal Code § 2900.5(d). "It is the obligation of the superior court, under section 2900.5, to calculate the number of credit days and include same in the abstract of judgment.... If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion 'for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute....'" People v. Salazar, 35 Cal. Rptr. 2d 221, 225 (Cal. Ct. App. 1994), quoting People v. Culpepper, 29 Cal. Rptr. 2d 719 (Cal. Ct. App. 1994).

A review of the sentencing court's minute order reflects that plaintiff was given credit for 2562 days in pre-sentence custody. See Doc. No. 1 at 13. Plaintiff now appears to allege that he should also receive compensation from CDCR for the credit days even though the sentencing court has already credited plaintiff, and has not authorized that he receive compensation in addition. However, there is nothing in the current record to suggest that

---

[1] Plaintiff was sentenced in 1992. A petition for relief under 28 U.S.C. § 2254 filed in 2012 may be untimely. See 28 U.S.C. § 2254(d).

plaintiff has returned to the state court in order to adjust his sentence to include an entitlement to compensation, or otherwise sought state or federal habeas relief.

The challenge is also frivolous, as plaintiff has not provided any authority that he is entitled to receive compensation for his earned credit days. Instead, the statute plaintiff offers as the basis for his claims simply defines a "term of imprisonment" :

> For the purposes of this section, "term of imprisonment" includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency.

Cal. Penal Code § 2900.5(c).[2]

Even if there were some state law which authorized the payment of compensation to plaintiff in these circumstances, plaintiff has failed to articulate a federal constitutional question which would give this court jurisdiction to adjudicate the complaint under 42 U.S.C. § 1983. See Sweaney v. Ada County, Idaho, 119 F.3d at 1391. Instead, the questions raised by plaintiff's allegations in count two – Does the defendant owe plaintiff money? If so, how much? – are governed entirely by state law. See, e.g., Comedy Club, Inc. v. Improv West Associates, 553 F.3d 1277, 1285 (9th Cir. 2009) (applying California law to interpret contract).

Conclusion

In short, plaintiff's two challenges to the CDCR's administration of plaintiff's sentence are essentially attacks on the sentence itself, something which plaintiff cannot do in this action until he has satisfied Heck's requirement that he "first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. at 751.

---

[2] California Penal Code § 290.5(c), the other statute cited by plaintiff, does not exist. Cal. Penal Code § 290.5 deals with the registration of sex offenders.

8

Additionally, plaintiff has failed to raise colorable federal questions, which precludes this court's jurisdiction over the complaint even in the absence of the Heck bar, and which would make any attempt to amend futile. Accordingly, the undersigned recommends that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk assign a district judge to this action;

2. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied as moot; and

IT IS HEREBY RECOMMENDED that the complaint is dismissed for the reasons discussed above, without leave to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-eight days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 8, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/garl3095.B